UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| *AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I.,*<br><br>Plaintiff,<br><br>v.<br><br>*MINDY REAVES;*<br><br>Serve at:<br>PO Box 1409<br>Jefferson City, MO 65102<br><br>*P HARVEY'S MOLD LADY AND CONSTRUCTION SERVICES, LLC A/K/A P. HARVEY MOLD AND CONSTRUCTION SERVICES, LLC;*<br><br>Serve at:<br>Missouri Secretary of State<br>PO Box 778<br>Jefferson City, MO 65102<br><br>Defendant. | ) | Case No. |

## <u>**COMPLAINT FOR DECLARATORY JUDGMENT**</u>

COMES NOW American Family Mutual Insurance Company, S.I. (hereinafter "American Family"), by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin. American Family is a Wisconsin citizen for purposes of diversity jurisdiction.

2. Defendant Mindy Reaves ("Reaves" or the "Underlying Plaintiff"), upon information and belief, is a Missouri citizen for purposes of diversity of citizenship jurisdiction.

3. Defendant P Harvey's Mold Lady and Construction Services, LLC a/k/a P Harvey Mold Lady and Construction Services, LLC ("Harvey Mold") is a Missouri citizen for purposes of diversity of citizen jurisdiction.[1] Harvey Mold filed its Notice of Winding Up on June 20, 2025 and Articles of Termination were issued on the same day. Harvey Mold was previously registered and chartered in the State of Missouri, and its principal place of business was located in Missouri.

4. There is a current case and controversy between the parties to this action.

5. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, codified at 28 U.S.C. Sections 2001 and 2201, to obtain a declaration of American Family's rights and obligations under a certain policy of insurance issued by American Family.

6. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between residents and citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1), and Local Rule 2.07, because a substantial part of the

[1] The insurance policy at issue in this Petition for Declaratory Judgment identifies P Harvey's Mold Lady and Construction Services, LLC as "P Harvey Mold Lady and Construction Services, LLC". For the purpose of this action, Plaintiff is using the entity's name as registered with the Missouri Secretary of State.

events giving rise to this claim occurred within the Eastern District, including the subject insurance policy was issued within the Eastern District.

## FACTS COMMON TO ALL COUNTS

### The Underlying Incident

8. On or about February 10, 2012, Harvey Mold, through Judith Bray, allegedly rented a home to Reaves. The home was allegedly supposed to be "free of mold" because of medical issues disclosed by Reaves.

9. Reaves alleges that Ms. Bray made several assurances that the home was free of mold.

10. Reaves alleges the home eventually began to smell of mold, and by 2014, she began to get sick as a result of mold present in the home. Reaves allegedly vacated the home, so the home could be fixed by Harvey Mold.

11. Reaves allegedly discovered that the home contained mold left over from Harvey Mold's earlier construction job.

12. After moving back into the home after the alleged repairs by Harvey Mold, the mold was allegedly as bad as it was before and had been covered over by Harvey Mold.

13. Reaves claims Harvey Mold acted negligently in renting a home to Reaves knowing it was not safe and contained mold. Specifically, Reaves alleges Harvey Mold fraudulently covered up the mold.

14. Reaves claims Harvey Mold's acts and omissions in negligently and/or fraudulently covering up the mold has caused damages to her in the form of loss caused to her health, personal injury, loss of clothes and personal belongings, pain and suffering, losses sustained for staying in a hotel, and other costs.

## The Underlying Lawsuit

15. On or about August 16, 2019, Reaves filed a Petition in the Circuit Court of St. Louis County, Missouri, identified as Cause No.: 19SL-CC03526 ("Petition"), alleging that Harvey Mold ("Underlying Defendant") is liable to her for damages related to the injuries she allegedly incurred as a result of the mold cover-up and non-disclosure alleged in the Petition ("Underlying Incident"). A true and accurate copy of Reave's Petition is attached as **Exhibit A** and is incorporated by reference as if fully set forth herein.

16. The Petition alleges that Harvey Mold negligently and/or fraudulently failed to inform Reaves about mold in the house and subsequently covered up the continued presence of mold. The Petition itself does not allege any cause of action and instead simply uses the terms "negligence" and "fraud" to describe Harvey Mold's alleged acts and omissions.

17. American Family is currently affording the Underlying Defendant a defense of the Underlying Lawsuit subject to its reservation of rights raising as coverage defenses some of those grounds upon which it seeks a declaratory judgment in this action.

## The American Family Policy

18. American Family issued a "Businessowners Policy," Policy No. 24XN594301, with a policy period from October 26, 2013 to October 26, 2014 to named insured "P Harvey Mold Lady And Construction Services LLC," which provided certain bodily injury and property damage liability coverage, subject to all of its terms and conditions (the "Policy"). A certified copy of the Policy is attached as **Exhibit B** and incorporated by reference as if fully set forth herein.

19. The Policy's bodily injury liability coverage limit is $1,000,000 for Liability and Medical Expenses, and the General Aggregate Limit is $2,000,000.

20. The Policy provides in pertinent part:

***

**SECTION II — LIABILITY**

**A. Coverages**

**1. Business Liability**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply….

***

**b.** This insurance applies:

(1) To "bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period; and

(c) Prior to the policy period, no insured listed under Paragraph **C.1** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

***

**F. Liability and Medical Expenses Definitions**

***

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**FUNGI OR BACTERIA EXCLUSION (LIABILITY)**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following provisions are added to **Section II — Liability:**

**A.** The following exclusion is added to Paragraph **B.1., Exclusions — Applicable To Business Liability Coverage:**

**t. Fungi Or Bacteria**

**(1)** "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**(2)** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following definition is added Paragraph **F. Liability And Medical Expenses Definitions:**

**1.** "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.

***

**COUNT I – DECLARATORY JUDGMENT**

21. American Family incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 20 above.

22. American Family contends that no coverage exists under the Policy for any claims arising from or related to the Underlying Incident and that American Family owes neither a duty to defend nor a duty to indemnify the Defendant, its policyholder(s), and/or any other insured under the Policy for any claims or damages made by the Underlying Plaintiff arising from or related to the Underlying Incident.

23. American Family contends that no coverage exists under the Policy for any claims arising from or related to the Accident because the Fungi or Bacteria Liability Exclusion applies.

24. Based on the following allegations, there is a present and justiciable controversy or dispute over coverage under the Policy, including whether American Family has a duty to defend the Underlying Defendants from the allegations in the Underlying Lawsuit, and the controversy is ripe for a determination.

***(The Fungi or Bacteria Liability Exclusion Applies)***

25. The Policy's Fungi or Bacteria Liability Exclusion excludes coverage for "'Bodily injury', 'property damage' or 'personal and advertising injury' which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."

26. The Petition specifically alleges that Reaves suffered injury because of the presence of mold in the home rented to her by Harvey Mold.

27. Reaves alleges she "became very ill and has incurred medical bills" because of Harvey Mold's alleged conduct in covering up the presence of mold in the home.

28. The Fungi or Bacteria Liability Exclusion applies based on its plain language because Reaves alleges she was injured, at least in part, because of exposure to mold in the home.

29. Missouri and other jurisdictions have routinely found the Fungi or Bacteria Liability Exclusion, or exclusions containing similar language, bars coverage when the thrust of a plaintiff's injury claim is from exposure to mold. *See e.g., Tate v. One Beacon Ins. Co,* 328 S.W.3d 262 (Mo. App. E.D. 2010) (applying mold exclusion to tenant's claim for injuries sustained due to

septic spill and exposure to toxic mold); *Nationwide Prop. & Cas. Ins. Co. v. Hampton Court, L.P.*, 754 F.Supp.3d 1349 (N.D. Ga. 2024) (fungi/bacteria exclusion applied to bar coverage where lawsuit alleged hazardous mold in decedent's apartment caused her injuries and death); *Penn. Nat. Mut. Case. Ins. Co. v. HVAC, Inc.*, 679 F.Supp.2d 863 (E.D. Tenn. 2009) (fungi/bacteria exclusion is unambiguous and barred coverage in case involving negligent removal of asbestos and mold from school building); *Hometowne Bldg. Co., LLC v. Amerisure Mut. Ins. Co.*, 2009 WL 3276509 (Mich. App. Oct. 13, 2009) (fungi/bacteria exclusion is unambiguous and barred coverage in case involving negligent construction of home resulting in mold growth and water incursion); *Tower Ins. Co. of N.Y. v. Pima Lansing, LLC*, 2015 WL 3777405 (N.D. Ill. June 16, 2015); *Penn. Nat. Mut. Cas. Ins. Co. v. Retirement Sys. of Alabama*, 104 F.Supp.3d 1313 (N.D. Ala. Apr. 21, 2015).

30. As such, Missouri courts interpret this exclusion broadly, and this Court should likewise apply the Fungi or Bacteria Liability Exclusion to the facts as alleged in the Underlying Lawsuit, such that American Family owes no duty to defend and/or indemnify Harvey Mold.

WHEREFORE, Plaintiff American Family Mutual Insurance Company, S.I. prays this Court to enter its declaratory judgment in its favor, and against all Defendants on Count I of its Declaratory Judgment Complaint, declaring that no coverage exists under the Policy for any of the claims, allegations or damages sought against the Underlying Defendants in the Underlying Lawsuit, and that American Family neither owes the Defendant, its policyholder(s), and/or any other named insured or other insured a duty to defend, nor indemnify, for any damages or other relief sought from them with regard to the Underlying Lawsuit, or any allegations made against them in it, or otherwise in connection with any claims or allegations made, or damages sought from them in the Underlying Lawsuit, for its costs, and for any further orders and relief this court deems just and proper under the circumstances.

Respectfully Submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Philip C. Graham*

Philip C. Graham, #40345MO
Adrianna J. Northrop, #76840MO
701 Market Street, Suite 600
St. Louis, MO 63101
314-231-3332
314-241-7604 (Fax)
pgraham@sandbergphoenix.com
anorthrop@sandbergphoenix.com
*Attorneys for Plaintiff American Family Mutual Insurance Company, S.I.*

## Certificate of Service

I hereby certify that on October 1, 2025 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Philip C. Graham*